Rev 12/01/18

## OCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| MICHAEL D. NOLAN<br>LINDA R. NOLAN | CASE NO.: 1:20-00962<br><br>___1st___ Amended Plan<br><br>Number of Motions to Avoid Liens<br>Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>**Plan Payments From Future Income**</u>
   1. To date, the Debtor paid $ 904.41 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 56,312.98 plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 4/2020 | 5/2020 | $100 | | $100 | |
   | 6/2020 | 3/2025 | $904.41 | | $904.41 | |
   | 10/2020 | 3/2025 | $1,033.58 | | $1,033.58 | |
   | | | | | | |
   | | | | | | |
   | | | | | Total Payments: | $56,312.98 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE:
      ☑ Debtor is at or under median income.

   B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>
   1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines.*

Rev 12/01/18

- ☒ X  No assets will be liquidated.

- ☐  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by (Date). If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

- ☒  None.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

- ☐  None.

- ☐  Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account |
|---|---|---|
| Fay Servicing | 8117 Molly Pitcher Hwy | |
| Guarantee Acceptance | 2010 Chevy Equinox | |
| Patriot FCU | 2007 Chevy Impala | |

### C. Arrears (Including, but not limited to, claims secured by Debtor's

3

Rev 12/01/18

**principal residence).** *Check one.*

☐ None.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Fay Servicing | 8117 Molly Pitcher Hwy | $23,276.30 | | $23,276.30 |
| PA Dept of Revenue | Tax | $1,238.67 | | $1,238.67 |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None.

F. **Surrender of Collateral.** *Check one.*

☑ None.

4

Case 1:20-bk-00962-HWV    Doc 43    Filed 11/06/20    Entered 11/06/20 11:49:24    Desc
Main Document    Page 4 of 12

G. <u>Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens</u>. *Check one.*

    ☑ None.

## 3. PRIORITY CLAIMS.

    A. <u>Administrative Claims</u>

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

    a. In addition to the retainer of $ 0 already paid by the Debtor, the amount of $ **4,000** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

    ☑ None.

B. <u>Priority Claims (including, certain Domestic Support Obligations</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| IRS | $23,439.75 |
| PA Department of Revenue | $948.30 |

5

|  |  |
|---|---|
|  |  |

C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>. *Check one of the following two lines.*

☑ None.

4. **UNSECURED CLAIMS.**

    A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. *Check one of the following two lines.*

    ☑ None.

    B. <u>Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.</u>

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☐ plan confirmation.
    ☒ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE: (Check one)**

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the

Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

Level 5: Enter text here

Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated:

/s/ James H. Turner
Attorney for Debtor

Michael D. Nolan

Linda R. Nolan

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13 Proceeding
   MICHAEL D. NOLAN : Case No. 1:20-00962
   LINDA R. NOLAN :

## NOTICE TO CREDITORS OF RESCHEDULED CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

Please note that a confirmation hearing on the 1st _____ Amended Plan has been scheduled for the Debtor on the date indicated below.

A deadline of **December 9, 2020** has been set for objections to the confirmation of the plan.

| United Stated Bankruptcy Court<br>Ronald Reagan Federal Building,<br>Bankruptcy Courtroom (3rd Floor)<br>Third & Walnut Streets<br>Harrisburg, PA 17101 | Date: December 16, 2020<br><br>Time: 9:30 AM |
|---|---|
|  |  |

A copy of the plan is enclosed with this notice. It can also be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Date: November 6, 2020

/s/ James H. Turner, Esquire
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717)232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
   MICHAEL D. NOLAN : Case No. 1:20-00962
   LINDA R. NOLAN :

## CERTIFICATE OF SERVICE

I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of an amended plan, to:
    See attached

Date: 11/6/2020

/s/ James H. Turner, Esquire
James H. Turner
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717) 232-4551

```
Label Matrix for local noticing          1:20-bk-00962-HWV                    AT&T Mobility II LLC
0314-1                                   FAY SERVICING, LLC                   %AT&T SERVICES INC.
Case 1:20-bk-00962-HWV                   PO BOX 814609                        KAREN A. CAVAGNARO    PARALEGAL
Middle District of Pennsylvania          DALLAS, TX 75381-4609                ONE AT&T WAY, SUITE 3A104
Harrisburg                                                                    BEDMINSTER, NJ. 07921-2693
Fri Nov  6 11:39:06 EST 2020

Credit Acceptance                        Charles J DeHart, III (Trustee)      Fay Servicing
25505 W Twelve Mile Rd                   8125 Adams Drive, Suite A            PO Box 809441
Ste 3000                                 Hummelstown, PA 17036-8625           Chicago, IL 60680-9441
Southfield MI 48034-8331


Geisinger Medical Center                 IRS                                  Sindi Mncina
100 North Academy Avenue                 Special Procedures                   Robertson, Anschutz, Schneid & Crane LLC
Danville, PA 17822-4321                  PO Box 12051                         10700 Abbott's Bridge Road
                                         Philadelphia, PA 19105               Suite 170
                                                                              Duluth, GA 30097-8461


Linda R Nolan                            Michael D Nolan                      PA Department of Revenue
8117 Molly Pitcher Hwy                   8117 Molly Pitcher Hwy               PO Box 8901
Shippensburg, PA 17257-9366              Shippensburg, PA 17257-9366          Harrisburg, PA 17105


PRA Receivables Management, LLC          Patriot Federal Credit Union         Pennsylvania Department of Revenue
PO Box 41021                             800 Wayne Avenue                     Bankruptcy Division
Norfolk, VA 23541-1021                   PO Box 778                           P.O. Box 280946
                                         Chambersburg, PA 17201-0778          Harrisburg, PA 17128-0946


Rebecca Ann Solarz                       Synchrony Bank                       James H Turner
KML Law Group, P.C.                      c/o PRA Receivables Management, LLC  Turner and O'Connell
701 Market St.                           PO Box 41021                         915 N Mountain Road
Suite 5000                               Norfolk, VA 23541-1021               Suite D
Philadelphia, PA 19106-1541                                                   Harrisburg, PA 17112-1793


U.S. BANK TRUST NATIONAL ASSOCIATION,    U.S. Bank Trust National Association United States Trustee
Fay Servicing, LLC                       Robertson, Anschutz, Schneid & Crane LLC  228 Walnut Street, Suite 1190
PO Box 814609                            10700 Abbotts Bridge Road, Suite 170 Harrisburg, PA 17101-1722
Dallas, TX 75381-4609                    Duluth, GA 30097-8461


Verizon                                  James Warmbrodt
by American InfoSource as agent          701 Market Street Suite 5000
PO Box 4457                              Philadephia, PA 19106-1541
Houston, TX  77210-4457




                The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Guarantee Acceptance                  (d)Pennsylvania Department of Revenue   (d)U.S. Bank Trust National Association
                                         Bankruptcy Division PO Box 280946       Robertson, Anschutz, Schneid & Crane LLC
                                         Harrisburg, PA  17128-0946              10700 Abbotts Bridge Road, Suite 170
                                                                                 Duluth, GA 30097-8461
```

(u)U.S. Bank Trust National Association, not

End of Label Matrix
Mailable recipients    22
Bypassed recipients     4
Total                  26